UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KINGSEAL, LLC, a Florida
Limited Liability Company,

     Plaintiff,

v.                                             Case No.:  2:23-cv-77-SPC-NPM

ARCH SPECIALTY INSURANCE
COMPANY,

     Defendant.
_____/

## OPINION AND ORDER[1]

About a month ago, the Court denied Defendant Arch Specialty Insurance Company's ("Arch") motion to dismiss.  (Doc. 23).  Arch has filed a notice of interlocutory appeal of the Court's order (Doc. 28), and it now moves to stay the case pending that appeal.  (Doc. 29).  Plaintiff Kingseal LLC ("Kingseal") opposes staying the case.  (Doc. 31).  For the following reasons, the Court denies Arch's motion.

## BACKGROUND

Kingseal owns and operates a nursing home in Arcadia, Florida that experienced property damage when Hurricane Irma crossed the state on

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

September 11, 2017. Kingseal had an insurance contract with Arch ("Policy") that, among other things, obliged Arch to pay Kingseal the increased costs of repairs, replacements, or remodeling to its building if necessary to meet the requirements of an ordinance or law.

After Arch obtained an estimate for repairing Kingseal's storm-related property damage, the Agency for Health Care Administration ("AHCA")[2] notified Kingseal that both damaged and undamaged portions of its building would require demolition, repair, reconstruction, and remodeling for the facility to comply with applicable standards and continue to operate. DeSoto County also notified Kingseal it needed to replace the windows in both the damaged and undamaged parts of its building to satisfy the Florida Building Code ("FBC") and DeSoto County's Code of Ordinances ("Code").

Because Arch's estimate for repairing Kingseal's storm-related property damage predated Kingseal's communications with the AHCA and DeSoto County, it did not account for the additional repairs and renovations required by the AHCA, the FBC, and the Code. Once the extent of the work was known, Kingseal notified Arch of all renovations, repairs, and replacement construction items mandated by the AHCA and DeSoto County to comply with applicable laws and ordinances. The work was completed, but Arch paid only

---

[2] The AHCA establishes and enforces standards nursing home facilities must meet to maintain their licensure and continue to operate.

some of Kingseal's total construction costs, personal property damage, and lost business income.

Kingseal sued Arch for breaching the Policy, and Arch moved for dismissal on statute of limitation grounds. The Court denied that motion, concluding:

> Kingseal's "loss" here did not result from Hurricane Irma, nor was it triggered by the storm's landfall. Instead, Kingseal incurred a loss when the AHCA and DeSoto County required Kingseal to undertake additional repairs and renovations to bring its facility into compliance with applicable standards and to satisfy the FBC and the Code. Kingseal's Ordinance or Law endorsement was intended to address just such a loss. And because Kingseal sued within five years of that loss, this case does not run afoul of § 95.11(2)(e)'s five-year limitation period.

(Doc. 23 at 10).

## LEGAL STANDARD

Courts have the inherent power to stay proceedings to maximize economy of time and effort for itself and the parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Staying proceedings requires the exercise of a court's judgment and the weighing and balancing of competing interests. *Id.* To determine the appropriateness of a stay pending interlocutory appeal, a court considers whether the movant has clearly established:

> (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay . . . is not granted, (iii) that other parties

3

> will suffer no substantial harm if a stay . . . is granted,
> and (iv) in circumstances where the public interest is
> implicated, that the issuance of a stay . . . will serve,
> rather than disserve, such public interest.

*Calderone v. Scott*, No. 2:14-cv-519-FtM-29CM, 2016 WL 2586658, at *2 (M.D. Fla. May 5, 2016).  Issuing a stay is a matter of discretion that depends "upon the circumstances of the particular case."  *Nken v. Holder*, 556 U.S. 418, 433 (2009).

## DISCUSSION

Arch argues the Court should stay this case pending its interlocutory appeal of the Court's order denying its motion to dismiss.  It contends litigating an untimely lawsuit will cause it irreparable harm; Kingseal would not be harmed by a stay; and the order's effect on the Florida legislature's ability to regulate the property insurance market implicates the public interest.  Arch also argues it is substantially likely to succeed on the merits because, it contends, Florida statutes, regulations, case law, and the Policy are all in Arch's favor.

Kingseal disagrees.  It argues defending a lawsuit does not constitute irreparable harm, especially when Arch has engaged in discovery; a stay will substantially harm Kingseal, especially given the time and effort it spent attempting to resolve this matter amicably before suing; and the public interest would best be served by denial of a stay because Kingseal operates the

only nursing home serving DeSoto County, and promptly resolving this case may help ensure its continued operation. These arguments are well taken, and the Court would be justified in denying the motion for stay on this basis, even if Arch were likely to succeed on the merits in its interlocutory appeal. *See Calderone*, 2016 WL 2586658, at *4 ("In sum, although the Court believes Plaintiffs are likely to succeed with the merits of the interlocutory appeal, their hypothetical claims of irreparable injury are not well-taken and preclude a stay in this case.").

But the Court is also unconvinced that Arch will succeed on the merits because the Eleventh Circuit likely lacks jurisdiction to hear this interlocutory appeal. "Section 1291 of the Judicial code generally vests courts of appeals with jurisdiction over appeals from 'final decisions' of the district courts." *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., L.P.*, 566 F.3d 979, 984 (11th Cir. 2009) (citing *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 203 (1999)). "The general rule is that a district court order is considered final and appealable only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* But the Supreme Court has:

> interpreted the term "final decision" in § 1291 to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation. That small category includes only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively

> unreviewable on appeal from the final judgment in the
> underlying action.

*Id.* (quoting *Cunningham*, 527 U.S. at 204).  This three-prong test to determine which orders are included in this small category is called the "collateral order doctrine." *Id.*  And (focusing on the third prong) when the district court's order *can* be reviewed effectively on appeal from the final judgment, that order is an unappealable interlocutory order.  *See id.* at 985.

A denial of a motion to dismiss on statute-of-limitation grounds is just such a case.  *See, e.g.*, *DeCrane v. Eckart*, 12 F.4th 586, 601 (6th Cir. 2021) ("A defendant thus usually may not use the collateral-order doctrine to appeal an otherwise nonfinal decision denying a statute-of-limitations defense"); *Bell Atl.-Penn., Inc. v. Penn. Pub. Util. Comm'n*, 273 F.3d 337, 346 (3d Cir. 2001) ("The statute of limitations defense fails the third prong . . . because it is not effectively unreviewable on appeal from final judgment.") (collecting cases); *Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir. 1999) ("the denial of a statute-of-limitations defense may effectively be reviewed on appeal from a final judgment.").

To circumvent this precedent, Arch argues § 95.11(2)(e) is, in reality, a statute of repose.  Even if this characterization were salient,[3] the Court rejects

---

[3] The Court has no present need to consider this issue.

it because it deviates from Arch's motion to dismiss, in which Arch exclusively referred to § 95.11(2)(e) as a "statute of limitations."  (Doc. 7).

Arch has failed to meet its burden of establishing that it is likely to prevail on appeal, that it would suffer irreparable injury absent a stay, that a stay would not substantially harm Kingseal, and that a stay would serve the public interest.  The Court, therefore, declines to exercise its discretion to issue a stay.

Accordingly, it is now

**ORDERED:**

Arch's motion to stay (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 28, 2023.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record